UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRITTANY ANDERSON, individually and on behalf of all other persons similarly situated who were employed by BISHOP REHABILITATION & NURSING CENTER, and/or any other entities affiliated with or controlled by BISHOP REHABILITATION & NURSING CENTER,<br><br>Plaintiffs,<br><br>-against-<br><br>BISHOP REHABILITATION & NURSING CENTER, and any related entities,<br><br>Defendant. | **FLSA COLLECTIVE ACTION**<br><br>and<br><br>**CLASS ACTION**<br><br>Docket No.: 5:26-CV-0376 (FJS/CBF)<br><br>**JURY TRIAL DEMANDED** |

Named Plaintiff Brittany Anderson by her attorneys, Gattuso & Ciotoli, PLLC, allege upon knowledge to themselves and upon information and belief as to all other matters as follows:

**PRELIMINARY STATEMENT**

1.    This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 206, 207, and 216(b); New York Labor Law § 190 *et seq.*, New York Labor Law §§ 650 *et seq.* and 663; 12 New York Codes, Rules and Regulations (hereinafter referred to as "NYCRR") §§ 142 *et. seq.* to recover unpaid wages and overtime compensation as well as related damages owed to the Named Plaintiff and all similar situated persons (collectively "Plaintiffs") who are formerly employed by Defendant Bishop Rehabilitation & Nursing Center ("Bishop"), or any other staffing agencies providing similarly situated persons to Defendant Bishop, and/or any other entities affiliated with or controlled by Bishop (hereinafter "Defendant") in trades and occupations entitled to receive overtime compensation.

2. From at least March 2020 and continuing through the present, Defendant has engaged in a policy and practice of depriving its employees of the applicable straight time wages and overtime wages for work they performed as mandated by federal and state law.

3. From at least March 2020 and continuing through the present, Defendant has engaged in a policy and practice of having its employees regularly work in excess of 40 hours per week without providing overtime compensation as required by the applicable federal and state laws.

4. Upon information and belief, Defendant also failed to provide appropriate wage notices and pay statements to Named Plaintiff and those similarly situated as required under NYLL.

5. Named Plaintiff has initiated this action seeking for themselves, and on behalf of all similarly situated employees, all compensation, including straight time wages and overtime compensation of which they were deprived, plus interest, damages, and attorneys' fees and costs.

## JURISDICTION

6. Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under New York Labor Law.

7. The statute of limitations under FLSA, 29 U.S.C. § 255(a), for willful violations is three (3) years.

8. The statute of limitations under New York Labor Law § 198(3) is six (6) years.

## VENUE

9. Venue for this action in the Northern District of New York under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Northern District of New York.

## THE PARTIES

10. Named Plaintiff Brittany Anderson is an individual who is currently a resident of Onondaga County, New York, and was employed by Defendant Bishop as a Licensed Practical Nurse (LPN) from October 2024 to December 2025.

11. Upon information and belief, Defendant Bishop Rehabilitation & Nursing Center is a domestic limited liability company organized and existing under the laws of the State of New York and authorized to do business within the State of New York, with a principal place of business at 918 James St, Syracuse, NY 13203.

12. At all times relevant to this action, Defendant Bishop was Named Plaintiff's employer as defined by NYLL §§ 2(6), 190(3), and 651(6), as well as 29 U.S.C. § 203, *et seq*.

## CLASS ALLEGATIONS

13. Named Plaintiff realleges and incorporates by reference all the allegations set forth above.

14. This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure.

15. This action is brought on behalf of Named Plaintiff and a class consisting of similarly situated employees who worked for Defendant as Certified Nurse Assistants, Registered Nurses, Licensed Practical Nurses, and other employees paid hourly wages while performing similar direct nursing and personal care support in furtherance of Defendant's operations at Bishop

Rehabilitation & Nursing Center as a nursing home and medical facility, and who had meal breaks automatically deducted from their wages while working at Defendant.

16. Named Plaintiff and potential Plaintiffs who elect to opt-in as part of the collective action are all victims of Defendant's common policy and/or plan to violate the FLSA and NYLL by failing to pay Named Plaintiff and those similarly situated their regular hourly wage for all hours worked, and overtime hours at one and one-half times their regular hourly wages for all hours worked in excess of 40 in a week.

17. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be hundreds of employees. Additionally, the names of all potential members of the putative class are not known.

18. The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include but are not limited to: (1) whether Defendant failed to pay the appropriate regular wages for hours up to 40 in a week and overtime wages for all hours worked in excess of 40 in a week; (2) whether Defendant failed to provide Named Plaintiff and the putative class with proper wage notices and wage statements during the time of their employment.

19. The claims of Named Plaintiff are typical of the claims of the putative class members. Named Plaintiff and putative class members were all subject to Defendant's policies and willful practice of failing to pay regular and/or minimum wages and failure to pay overtime wages for all hours worked; as well as Defendant's failure to provide wage notices as required by NYLL.

20.     Named Plaintiff and counsel will fairly and adequately protect the interests of the putative class. Named Plaintiff has retained counsel experienced in complex wage and hour collective and class-action litigation.

21.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The Named Plaintiff and putative class action members lack the financial resources to adequately prosecute separate lawsuits against Defendant. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to Defendant's policies.

## FACTS

22.     Named Plaintiff repeats each and every allegation previously made here and as if set forth fully herein.

23.     This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b).

### Named Plaintiff Brittany Anderson

24.     Named Plaintiff Brittany Anderson was employed directly by Defendant Bishop from October 2024 to December 2025 as a Licensed Practical Nurse (LPN) at Bishop Rehabilitation & Nursing Center.

25.     Named Plaintiff Anderson was paid varying rates of pay throughout her time working for Defendant. Her last hourly rate was $36.00 per hour.

26.     Named Plaintiff Anderson primarily worked on A South for Defendant.

27.     Named Plaintiff Anderson was routinely scheduled to work between two and four eight-hour shifts each week.

28. In addition to her normally scheduled shifts, Named Plaintiff Anderson routinely worked two additional eight-hour shifts each week.

29. Throughout the course of her employment, when Named Plaintiff worked double shifts it would cause her total hours for the week exceed 40 resulting in pay at the overtime rate of 1.5 times her regular rate of pay for hours over 40 in the week.

30. Named Plaintiff Anderson regularly worked through unpaid meal breaks because she was too busy attending to patients to take a full or partial 30-minite meal break.

31. When Named Plaintiff Anderson worked through an unpaid meal break it was often at the overtime rate of pay.

32. For example, Named Plaintiff worked for Defendant from October 2024 through December 2025 and a review of her pay statements through only June 2025 reveals ten instances of having worked in excess of 40 hours in a week. These weeks are:

1. 12/29/24 – 1/4/2025:         46.50 hours;
2. 2/9/2025 – 2/15/2025:         49.75 hours;
3. 3/9/2025 – 3/15/2025:         44.00 hours;
4. 4/20/2025 – 4/26/2025:        65.75 hours;
5. 4/27/2025 – 5/3/2025:         49.00 hours;
6. 5/18/2025 – 5/24/2025:        48.50 hours;
7. 5/25/2025 – 5/31/2025:        46.25 hours;
8. 6/8/2025 – 6/14/2025:         40.50 hours;
9. 6/15/2025 – 6/21/2025:        65.25 hours;
10. 6/22/2025 – 6/28/2025:       45.50 hours.

33. All of the above examples caused named Plaintiff to be underpaid at the overtime rate of pay for meal breaks she worked through that were auto deducted from her pay.

**Defendant Bishop's Operation**

34. This action is brought on behalf of Named Plaintiff and a putative class collective consisting of similarly situated employees who worked for Defendant as hourly paid Certified Nurse Assistants, Registered Nurses, and Licensed Practical Nurses, and other employees performing similar direct nursing and personal care support in furtherance of Defendant's operations.

35. Defendant Bishop operates a nursing home and rehabilitation center, referred to as Bishop and Rehabilitation Center, on its premises at 918 James St, Syracuse, NY 13203, that is used for providing residential nursing homes and medical care services.

36. Defendant Bishop advertises on its website that Bishop and Rehabilitation Center is a 440-bed rehabilitation center and nursing home in Syracuse, NY

37. On any given day, there are 8 and/or 16-hour long shifts being worked by Registered Nurses, Licensed Practical Nurses and Certified Nurse Assistant at Defendant working on six floors.

38. On any given day at Defendant's facility, there are three (3) shift changes throughout the day, those being the day shift (7:00am – 3:00pm), the evening shift (3:00pm – 11:00pm), and the night shift (11:00pm – 7:00am).

39. Upon information and belief, during each day shift, Defendant Bishop would have approximately three to four Certified Nurse Assistants (CNAs), and two Licensed Practical Nurses (LPNs) working per floor at Defendant for the entire shift.

40. Upon information and belief, during each evening shift, Defendant Bishop would have approximately three to four Certified Nurse Assistants (CNAs), and two Licensed Practical Nurses (LPNs) working per floor at Defendant for the entire shift.

41. Upon information and belief, during each weekday overnight shift, Defendant Anderson would have approximately two Certified Nurse Assistants (CNAs), and one Licensed Practical Nurses (LPN) working per floor at Defendant for the entire shift.

42. Upon information and belief, the putative class spanning the entire statutory period of time is well into the 100s.

43. While working for Defendant, Named Plaintiff and other similarly situated employees were regularly required to perform work for Defendant without receiving pay for all hours worked and overtime compensation when appropriate, as required by applicable federal and state law.

44. Throughout the entire duration of her employment with Defendant, Named Plaintiff would clock in at the beginning of her shifts, and then clock out at the conclusion of the shift using Defendant's time-keeping system.

45. For every shift over six hours, one-half hour (30 minutes) would be automatically deducted from Named Plaintiff's, and those similarly situated, pay for a meal break.

46. When Named Plaintiff, and those similarly situated, would work a double shift (16-hour long shift), two one-half hour (30 minutes) breaks would be automatically deducted from their pay for meal breaks, one for each 8-hour long period they worked.

47. Named Plaintiff and all similarly situated Registered Nurses, Certified Nurse Assistants and Licensed Practical Nurses who worked through their meal breaks were subject to

Defendants' auto-deduction practice and did not get paid for the time they spent working through their breaks.

48. Named Plaintiff, and those similarly situated, were all too busy working and caring for patients due to consistent staffing problems to take a full or even partial uninterrupted work-free meal break during their shifts that were over six hours long.

49. Some of Named Plaintiff's coworkers who she observed working through meal breaks include Chrystal Turo, Shannon Rivera and "Shannon," who were all CNAs.

50. On multiple occasions, the Named Plaintiff complained to Defendant's Supervising LPNs "April" and "Robin" about being automatically deducted time for meal breaks despite working through them and not being reimbursed by Defendant after reporting working through automatically deducted breaks.

51. Named Plaintiff was never made aware of any formal form or document to use to report working through a meal break. However, at the time clock when she would clock out a question as follows would appear, "Did you receive a meal break?" However, there was also a paper sign next to the time clock that stated, "Do not press no." Also, Named Plaintiff was instructed not to press "no." Despite this, Named Plaintiff did press "no" a few occasions but does not recall seeing the half hour automatically deducted ever inserted back into a subsequent paycheck.

52. Despite knowing all of this, Defendant would still automatically deduct the one-half hour of pay from the Named Plaintiff's pay.

53. Upon information and belief, these circumstances were the same for all members of the putative class.

54.     Defendant consistently and repeatedly used this policy, procedure and method of automatically deducting one-half hour for meal breaks whether taken by the employee or not and at times failing to pay overtime across the members of the putative class.

55.     Named Plaintiff, and those similarly situated, did not receive wage notices. Named Plaintiff and those similarly situated suffered both concrete and informational harm by not being provided wage notices. Plaintiffs' concrete harm arises from not being informed through a wage notice that deductions for meal breaks were automatically made without express permission, resulting in unlawful deductions from Plaintiffs' pay. Plaintiffs sustained informational harm by not being provided any of the information required to be disclosed in a wage notice, including their overtime rate of pay.

56.     Named Plaintiff, and those similarly situated, received from Defendants inaccurate pay statements for each and every pay period that wrongfully deducted one or more one-half hour meal breaks that were not actually taken by Named Plaintiffs and those similarly situated. The pay statements were unreliable in that they incorrectly recorded all hours for which Named Plaintiffs and those similarly situated were owed pay and misled them as to whether they were properly paid for all hours worked. Each pay statement that wrongfully stated the hours due to Named Plaintiffs and those similarly situated constitutes a separate and individual actionable violation of the FLSA and NYLL, as stated herein.

## FIRST CAUSE OF ACTION

## UNPAID WAGES AND OVERTIME UNDER FLSA

57.     The Named Plaintiff repeats each and every allegation previously made here and as if set forth fully herein.

58. Named Plaintiff and similarly situated hourly employees of Defendant bring this claim for relief pursuant to the Fair Labor Standards Act ("FLSA") at 29 U.S.C. § 201, et seq.

59. Under the FLSA, Named Plaintiff and similarly situated hourly employees are entitled to be compensated for all hours worked where such time is compensable time and is also subject to the regular time and overtime provisions of sections 206 and 207 of the FLSA.

60. Defendant willfully, knowingly, purposefully, and recklessly failed to pay Named Plaintiff and similarly situated hourly employees for all time worked, including time which would have qualified as overtime.

61. Upon information and belief, Named Plaintiff and those similarly situated hourly employees frequently worked more hours than what they were paid for and frequently had adjustments made to their time clock records resulting in a paycheck for less time than what the Named Plaintiff and those similarly situated actually worked.

62. On this claim for relief, the Named Plaintiff on behalf of herself and other similarly situated hourly employees of Defendant seek the payment of all unpaid wages and unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked and wages actually paid to the Named Plaintiff and other similarly situated employees.

63. The Plaintiffs also seek an award of liquidated damages in the amount of 100% of the unpaid regular and overtime wages, plus attorneys' fees, interest, and costs as provided for by the FLSA.

## SECOND CAUSE OF ACTION

## UNPAID REGULAR TIME AND OVERTIME UNDER NYLL

64. Named Plaintiff repeats each and every allegation previously made here and as if set forth fully herein.

65. Pursuant to Article Six of the New York Labor Law, workers, such as Named Plaintiff and other members of the putative class action, are protected from wage underpayments and improper employment practices.

66. Pursuant to New York Labor Law § 190, the term "employee" means "any person employed for hire by an employer in any employment."

67. As persons employed for hire by Defendant, Named Plaintiff and other members of the putative class action are "employees," as understood in Labor Law § 190.

68. Pursuant New York Labor Law § 190, the term "employer" includes "any person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service."

69. As an entity that hired the Named Plaintiff and other members of the putative class, Defendant is an "employer."

70. Named Plaintiff and other members of the putative class agreed upon wage rate and/or overtime compensation rate constitutes "wages" within the meaning of New York Labor Law §§ 190, 191.

71. Pursuant to New York Labor Law § 191 and the cases interpreting the same, workers such as Named Plaintiff and other members of the putative class action are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

72. Pursuant to New York Labor Law § 652 and the cases interpreting same, "Every employer shall pay to each of its employees for each hour worked a wage of not less than" the statutory minimum wage.

73. In failing to pay Named Plaintiff and other members of the putative class proper wages for time worked in one week, Defendant violated New York Labor Law § 191, by failing to pay Plaintiffs and other members of the putative class all of their wages earned within the week such wages were due, and violated Labor Law § 652, by failing to pay Plaintiffs minimum wages for all hours worked.

74. Pursuant to New York Labor Law § 193, "No employer shall make any deduction from the wages of an employee," such as Plaintiffs and other members of the putative class, that is not otherwise authorized by law or by the employee.

75. By withholding wages for time worked in any given week from Plaintiffs and other members of the putative class, pursuant to New York Labor Law § 193 and the cases interpreting the same, Defendant made unlawful deductions in wages owed to Plaintiffs and other members of the putative class.

76. Pursuant to New York Labor Law § 198, Named Plaintiff and those similarly situated bring this action to recover wages to which they are entitled.

77. Under NYLL, Named Plaintiff and similarly situated hourly employees are entitled to a half hour break when their scheduled shift exceeds 6 hours.

78. Additionally, Named Plaintiff and similarly situated employees are also entitled to be paid for all hours worked and at an overtime rate of one and one-half times the regular hourly rate when their total hours exceeded 40 hours per week.

79. Even though Named Plaintiff and similarly situated employees are entitled a half-hour rest breaks, and to be paid for all hours worked including overtime rates for hours exceeding 40 per week, Defendant refused and continues to refuse to provide required breaks and failed and continues to fail to pay Named Plaintiff and those similarly situated for all hours worked at the

appropriate rate of pay, including overtime rates for work in excess of 40 hours per week, as required under to NYLL §§ 190, *et. seq.*, 650, *et. seq.*, and 19 NYCRR §§ 142, *et. seq.*

80. Upon information and belief, Defendant willfully, purposefully, and maliciously failed to pay the required compensation or provided the required rest periods as articulated in this claim for relief.

81. On this claim for relief, the Named Plaintiff on behalf of themselves and other similarly situated hourly employees of Defendant seek the payment of all unpaid wages and unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked and wages actually paid for the Named Plaintiff and other similarly situated employees.

82. The Plaintiffs also seek an award of liquidated damages in the amount of 100% of the unpaid regular and overtime wages, plus attorneys' fees, interest, and costs as provided for by the NYLL.

## THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE ANNUAL WAGE NOTICES AND PAY STATEMENTS UNDER NYLL

83. Named Plaintiff repeats and re-alleges the allegations set forth above as if fully set forth herein.

84. Defendant has willfully failed to provide Named Plaintiff and those similarly situated with wage notices, as required by NYLL § 195(1), in English or in the language identified as their primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names use by

14

the employer; the physical address of the employer's main office or principal place of business and a mailing address if different; the telephone number of the employer; plus, such other information as the commissioner deems material and necessary.

85. Named Plaintiff and those similarly situated suffered both concrete and informational harm by not being provided wage notices. Plaintiffs' concrete harm arises from not being informed through a wage notice that deductions for meal breaks were automatically made without express permission, resulting in unlawful deductions from Plaintiffs' pay. Plaintiffs sustained informational harm by not being provided any of the information required to be disclosed in a wage notice, including their overtime rate of pay.

86. Defendant has willfully failed to provide Named Plaintiff and those similarly situated with proper and accurate pay statements, as required by NYLL § 195(3), listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; accurate recording of all hours due to be paid; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

87. Named Plaintiff, and those similarly situated, did not receive all required wage notices and pay statements during their employment with Defendant.

88. Through their knowing or intentional failure to provide Named Plaintiff with the wage notices and pay statements required by the NYLL, Defendant willfully violated NYLL §§ 191(1) and (3) and the supporting New York State Department of Labor Regulations.

89. According to NYLL § 198-1(b), Named Plaintiff, and those similarly situated, are entitled to $50 for every day they did not receive a wage notice up to a total of $5,000, together with costs and reasonable attorney's fees.

90. According to NYLL § 198-1(b), Named Plaintiff, and those similarly situated, are entitled to $250 for every day they did not receive a proper and accurate pay statement up to a total of $5,000, together with costs and reasonable attorney's fees.

91. By the foregoing reasons, Defendant violated NYLL §§ 195(1) and (3) and are liable to the Plaintiffs pursuant to NYLL 198-1(b) in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

## JURY TRIAL DEMANDED

92. Plaintiffs demand that all issues of fact be decided by a jury.

**WHEREFORE**, Named Plaintiff, individually and on behalf of all other persons similarly situated who were employed by Defendant, demand judgment:

(1) On the First Cause of Action against Defendant, all unpaid wages and unpaid overtime wages in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages and unpaid overtime to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to the FLSA;

(2) On the Second Cause of Action against Defendant, all unpaid wages and unpaid overtime wages in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages and unpaid overtime to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to New York Labor Law, and

(3) On the Third Cause of Action against Defendant, in an amount to be determined at trial, plus interest, attorneys' fees and costs; and

(4) Such other and further relief as this Court may deem just and proper.

Dated: Fayetteville, New York
March 10, 2026

By: <u>*/s/ Frank Gattuso*</u>
Frank Gattuso, Esq.
GATTUSO & CIOTOLI, PLLC
The White House
7030 E. Genesee Street
Fayetteville, New York 13066
315-314-8000
315-446-7521 (fax)
fgattuso@gclawoffice.com

*Attorneys for the Plaintiff and putative class*